IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TRAVELERS PROPERTY CASUALTY
COMPANY OF AMERICA, a
Connecticut corporation,

       Plaintiff,

  v.

ALDER GROVE, LLC, a Delaware
limited liability company,
ALDER GROVE ASSOCIATES, LLC, a
California limited liability
company; ALFRED E. NEVIS, an
individual, and SACRAMENTO
MADISON WOODS CONDOMINIUMS
OWNERS ASSOCIATION, a
California corporation,

       Defendants.

No. 2:08-CV-00743-JAM-GGH

ORDER GRANTING MOTION TO
WITHDRAW AS COUNSEL

     The matter before the Court is attorneys Zachary Smith, Jamie M. Errecart, and Michael Wilcox's (collectively, "Withdrawing Attorneys") motion to withdraw as counsel of record in this matter for Alder Grove, LLC. ("Defendant") pursuant to Local Rule 83-182(d) and State Bar Rules 3-700(C)(1)(d) and 3-700(C)(1)(f). In their motion, Withdrawing Attorneys seek leave of Court to withdraw as counsel because Defendant has failed to

pay legal fees and keep in contact with counsel. Plaintiff does not oppose the motion.[1]

According to Local Rule 83-182(d), "an attorney who has appeared may not withdraw leaving the client in propria persona without leave of Court upon noticed motion and notice to the client and all other parties who have appeared." Further, an attorney seeking to withdraw under Local Rule 83-182(d) "shall provide an affidavit stating the current or last known address or addresses of the client and the efforts made to notify the client of the motion to withdraw." E.D. Cal. L.R. 83-182(d). A motion to withdraw as attorney of record is governed by the Rules of Professional Conduct of the State Bar of California. Id.

California Rule of Professional Conduct 3-700(C)(1)(d) provides that an attorney may request permission to withdraw if the client "by other conduct renders it unreasonably difficult for the member to carry out the employment effectively." California Rule of Professional Conduct 3-700(C)(1)(f) provides that an attorney may request permission to withdraw if the client "breaches an agreement or obligation to the member as to expenses or fees." See California v. M & P Investments, 2007 WL 3119666, *2 (E.D. Cal. 2007)(failure to pay attorneys' fees may be grounds for withdrawal). In California, withdrawal is proper when the client's interest will not be unduly prejudiced or

---

[1] Because oral argument will not be of material assistance, the court orders this matter submitted on the briefs. E.D. Cal. L.R. 78-230(h).

delayed.  Id. (citing Ramirez v. Sturdevant, 21 Cal.App.4th 904, 915-16 (1994)).  The decision to grant or deny an attorney's motion to withdraw as counsel is committed to the sound discretion of the trial court.  LaGrand v. Stewart, 133 F.3d 1253, 1269 (9th Cir. 1998).

After reviewing the record and the reasons for withdrawal noted by Withdrawing Attorneys, the Court concludes that there is good cause to grant their motion to withdraw as counsel. Defendant has failed to pay outstanding attorneys' fees and costs.  Additionally, Alder Grove PKI, LLC, the party that originally retained Withdrawing Attorneys, no longer has authority to conduct the day-to-day operations of Defendant. This has strained communications between Withdrawing Attorneys and Defendant.

The Court further concludes that the withdrawal will not unduly prejudice Defendant or unduly delay resolution of the case.  Trial is not scheduled until November 16, 2009.  Although a Motion for Summary Judgment has filed in this matter, the hearing date has been continued to April 8, 2009.  Accordingly, the motion to withdraw as counsel is GRANTED.

IT IS SO ORDERED.

Dated: March 3, 2009

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE