IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TRAVELERS PROPERTY CASUALTY
COMPANY OF AMERICA, a
Connecticut corporation,

      Plaintiff,

  v.

ALDER GROVE, LLC, a Delaware
limited liability company;
ALDER GROVE ASSOCIATES, LLC, a
California limited liability
company; ALFRED E. NEVIS, an
individual; and SACRAMENTO
MADISON WOODS CONDOMINIUMS
OWNERS ASSOCIATION, a
California Corporation,

      Defendants.
_____/

No. 2:08-CV-00743-JAM-GGH

<u>ORDER GRANTING PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT</u>

Travelers Property Casualty Company of America ("Travelers") brought this action against Alder Grove, LLC, ("Alder Grove"), Alder Grove Associates, LLC ("Alder Grove Associates"), Alfred E. Nevis, and Sacramento Madison Woods Condominiums Owners Association ("Madison Woods") for Declaratory Relief and Unjust Enrichment. Travelers now moves

for summary judgment on its claims.  Madison Woods and Alfred E. Nevis oppose the Motion.[1]  For the reasons stated below, Travelers' Motion for Summary Judgment is GRANTED.[2]

BACKGROUND

In 2004, Alder Grove purchased a building located at 3939 Madison Avenue in Sacramento County (the "Property") through Klamath Investors, LLC.  Statement of Undisputed Facts ("SUF") ¶ 1.  Travelers alleges that at the time of purchase, the Property was being operated as an apartment complex.  Id. ¶ 2.  Travelers further alleges that at the time of purchase, Alder Grove took on all of the rights and obligations of existing leases on the Property.  Id.

Travelers issued Alder Grove a one-year multi-line policy (the "Policy") that went into effect on May 25, 2004.  Under the terms of the Policy, Alder Grove received both first and third-party coverage related to the Property.  The Policy excluded coverage for:

j.   "Property damage" to:

(1)   Property you own, rent, or occupy, including any costs or expenses incurred by you, or any other person, or organization or entity, for repair, replacement, enhancement, restoration or maintenance of such property for any reason. . . .

(2)   Premises you sell, give away or abandon, if the

---

[1] Alder Grove did not oppose the Motion.  Counsel for Alder Grove was granted leave to withdraw as attorneys on March 4, 2009.  Docket at 29.  Alder Grove has not substituted in new counsel.

[2] This motion was determined to be suitable for decision without oral argument.  E.D. Cal. L.R. 78-230(h).

> "property damage" arises out of any part of those premises. . . .
>
> Paragraph (2) of this exclusion does not apply if the premises are "your work" and were never occupied, rented or held for rental by you.
> "Your work"
>
> a.  Means:
>
>    (1) Work or operations performed by you or on your behalf; and
>    (2) Materials, parts or equipment furnished in connection with such work or operations.
>
> b.  Includes:
>
>    (1) Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your work" and
>
>    (2) The providing of or failure to provide warnings or instructions.

SUF ¶¶ 14-15. Alder Grove subsequently converted the Property into condominiums and sold the Property as Madison Woods Condominiums. In March 2007, the condominium association at Madison Woods sued Alder Grove, Alfred E. Nevis and other parties in Sacramento Superior Court based on misrepresentations made regarding defective construction. Alder Grove sought defense and indemnity from Travelers under the Policy. Travelers brought this action for declaratory relief against Alder Grove, Alder Grove Associates, Madison Woods, and Alfred E. Nevis who was the managing member of Klamath Investments, LLC, which in turn was the managing partner of Alder Grove.

## OPINION

Summary judgment is appropriate if "the pleadings, the

3

discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Where the nonmoving party will have the burden of proof on an issue at trial, the movant's burden may be discharged by pointing out to the district court that there is an absence of evidence to support the nonmoving party's case. See id. at 325. Summary judgment for a defendant is appropriate when the plaintiff fails to make a showing sufficient to establish the existence of an element essential to its case, and on which [he] will bear the burden of proof at trial. Id. at 322.

If the moving party sustains its burden, the burden then shifts to the nonmoving party to go beyond the pleadings and by his or her own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial. See Celotex, 477 U.S. at 324 (citing Fed.R.Civ.P. 56(e)). "If the nonmoving party fails to produce enough evidence to create a genuine issue of material fact, the moving party wins the motion for summary judgment." Nissan Fire & Marine Ins. Co. v. Fritz Companies, Inc., 210 F.3d 1099, 1103 (9th Cir. 2000). Summary judgment is appropriate if, viewing the evidence and the inferences therefrom in the light most favorable to the nonmoving party, there are no genuine issues of material fact in

dispute and the moving party is entitled to judgment as a matter of law. Valandingham v. Bojorquez, 866 F.2d 1135, 1137 (9th Cir. 1989).

Travelers argues that the property damage claims for which Alder seeks defense and indemnification are excluded from coverage under the Policy because Alder Grove sold the Property as condominiums. Travelers further argues that Alder Grove does not fall under the exception to exclusion because Alder Grove rented the Property prior to the sale. Alfred E. Nevis and Madison Woods deny that Alder Grove ever rented the Property.

Travelers has adequately demonstrated that Alder Grove rented the Property. Alder Grove, through Klamath Investors, LLC, purchased an existing and operating apartment complex encumbered by leases. SUF ¶¶ 1-2.[3] The purchase agreement described the Property as "Alder Grove Apartments" and assigned to Alder Grove "all lease agreements and other occupancy arrangements with any occupant of any apartment with respect to the Property, including, without limitation, the lease agreements enumerated on Schedule A attached hereto…." Id. ¶ 5. A "Deed of Trust With Absolute Assignment of Leases and Rents, Security Agreement and Fixture Filing" was filed with Wells Fargo Bank, indicating that Alder Grove used the leases as security on a note. Id. ¶ 6. Furthermore, Alder Grove maintained a "Tenant Rent Roll," listing the termination dates of each of the leases. Id. ¶ 7. On its "Statement of Income"

---

[3] Defendants objections to Exhibits A, B, E, F, and J to the Fierro Declaration, Docket at 24, are hereby overruled.

from May 26, 2004 to March 31, 2005, Alder Grove lists as income "rent" in the amount of $37,129. Id. ¶ 8. Finally, the Policy covering the Property is titled "Apartment PAC" and the business insured is listed as "apartments." Id. ¶ 11.

Madison Woods and Alfred E. Nevis argue that the fact that Alder Grove purchased the Property with the intent to convert it into condominiums should be considered in interpreting the Policy. However, because the Policy specifically excludes coverage if the premises was rented or held for rental, the Court does not need to look to extrinsic evidence. <u>Montrose Chem. Corp. v. Admiral Ins. Co.</u>, 10 Cal.4th 645, 666-667 (1995) ("If the meaning a layperson would ascribe to the language of a contract of insurance is clear and unambiguous, a court will apply that meaning."). Even if the Court were to consider extrinsic evidence in interpreting the Policy, the cases and drafting history cited by Madison Woods are inapposite. In none of the cases cited by Madison Woods did the insured rent the premises in question prior to alienating it. Therefore, they have no bearing on interpreting the Policy at issue.

Finally, Madison Woods argues that Alder Grove never rented the Property because "rented" or "held for rental" are not defined in the Policy. Travelers has produced sufficient evidence to show that there is no genuine issue of material fact as to whether Alder Grove rented the Property under the common usage of the word. In fact, in its various agreements relating to the Property, Alder Grove used the terms "apartment," "lease," and even "rent," indicating that Alder Grove understood

6

the meaning of the word.  Because there is no genuine issue of material fact as to whether Alder Grove rented the property, it is excluded from coverage under the Policy.  Accordingly, summary judgment is appropriate.

ORDER

For the reasons stated above, Travelers' Motion for Summary Judgment is GRANTED.

IT IS SO ORDERED.

Dated: May 18, 2009

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE