IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA, a Connecticut corporation,<br><br>     Plaintiff,<br><br>   v.<br><br>ALDER GROVE, LLC, a Delaware limited liability company; ALDER GROVE ASSOCIATES, LLC, a California limited liability company; ALFRED E. NEVIS, an individual; and SACRAMENTO MADISON WOODS CONDOMINIUMS OWNERS ASSOCIATION, a California Corporation,<br><br>     Defendants.<br>_____/ | No. 2:08-CV-00743-JAM-GGH<br><br><u>ORDER GRANTING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT</u> |

   Travelers Property Casualty Company of America ("Travelers") brought this action against Alder Grove, LLC, ("Alder Grove"), Alder Grove Associates, LLC ("Alder Grove Associates"), Alfred E. Nevis ("Nevis"), and Sacramento Madison Woods Condominiums Owners Association ("Madison Woods") for declaratory relief and unjust enrichment.  On May 19, 2009, this

1

Court held that Travelers did not have a duty to defend or indemnify Alder Grove under an insurance policy.  Travelers now moves for partial summary judgment that Nevis is not covered under the same policy.  Madison Woods and Nevis oppose the Motion. Alder Grove filed a joinder in these oppositions.  For the reasons stated below, Travelers' Motion for Partial Summary Judgment is GRANTED.[1]

## BACKGROUND

In 2004, Alder Grove purchased a building located at 3939 Madison Avenue in Sacramento County (the "Property") through Klamath Investors, LLC.  Subsequently, Travelers issued Alder Grove a one-year multi-line policy (the "Policy") that went into effect on May 25, 2004.  Statement of Undisputed Material Facts, ("SUF"), Docket at 50, Ex. 3, ¶ 5.   Under the terms of the Policy, Alder Grove received both first and third-party coverage related to the Property.  Id.  Alder Grove was the only named insured.  Id.

The Policy stated "This insurance does not apply to: . . . j. 'Property damage' to: . . . (2) Premises you sell, give away or abandon, if the 'property damage' arises out of any part of those premises. . .."   Id. ¶ 7.  The Policy defined "you" as "the Named Insured shown in the Declarations and any other person or organization qualifying as a Named Insured under" the Policy.  Id. ¶ 8.

---

[1] This motion was determined to be suitable for decision without oral argument.  E.D. Cal. L.R. 78-230(h).

2

On May 19, 2009, this Court issued an order finding that coverage was excluded under the Policy because Alder Grove had leased the Property prior to selling it.  Travelers now seeks a declaratory judgment that Nevis is not entitled to coverage under the Policy.

## OPINION

Summary judgment is appropriate if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c).  The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact.  See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Where the nonmoving party will have the burden of proof on an issue at trial, the movant's burden may be discharged by pointing out to the district court that there is an absence of evidence to support the nonmoving party's case.  See id. at 325. Summary judgment for a defendant is appropriate when the plaintiff fails to make a showing sufficient to establish the existence of an element essential to its case, and on which [he] will bear the burden of proof at trial.  Id. at 322.

If the moving party sustains its burden, the burden then shifts to the nonmoving party to go beyond the pleadings and by his or her own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial. See

Celotex, 477 U.S. at 324 (citing Fed.R.Civ.P. 56(e)). "If the nonmoving party fails to produce enough evidence to create a genuine issue of material fact, the moving party wins the motion for summary judgment." Nissan Fire & Marine Ins. Co. v. Fritz Companies, Inc., 210 F.3d 1099, 1103 (9th Cir. 2000). Summary judgment is appropriate if, viewing the evidence and the inferences therefrom in the light most favorable to the nonmoving party, there are no genuine issues of material fact in dispute and the moving party is entitled to judgment as a matter of law. Valandingham v. Bojorquez, 866 F.2d 1135, 1137 (9th Cir. 1989).

"While insurance contracts have special features, they are still contracts to which the ordinary rules of contractual interpretation apply." Bank of the West v. Superior Court, 2 Cal. 4th 1254, 1264 (1992). "If contractual language is clear and explicit, it governs." Id.; see also Cal. Civ. Code § 1638. Here, the contract is clear. The Policy does not apply to property Alder Grove, the Named Insured, sold, gave away, or abandoned. This Court has previously held that Alder Grove leased the Property prior to selling it, and therefore the Policy **does not apply** to the Property. Accordingly, neither Nevis nor any other party is covered with regard to the Property.

Madison Woods argues that the Court must take into account the distinction between named insureds, the insured, and any insured. In the present case, this distinction is irrelevant. The Policy clearly states that in cases where the Named Insured

4

sells the Property, it does not apply.  The Policy does not state that it does not apply to certain parties but could apply to others.  Rather, it clearly states that it does not apply at all.  Under the clear terms of the Policy, Nevis cannot receive coverage for claims regarding the Property.

Finally, Nevis and Alder Grove argue that the Court should reconsider its previous order finding that Alder Grove was not covered under the policy.  Requests that the Court reconsider a previous order must be made in the form of a motion.  See Fed. R. Civ. P. 59(e), 60(b). No such formal motion is before the Court at this time.  Accordingly, Nevis is excluded from coverage under the Policy for property damage claims regarding the Property.

ORDER

For the reasons stated above, Travelers' Motion for Partial Summary Judgment is GRANTED.

IT IS SO ORDERED.

Dated: September 9, 2009

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE